IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

MICHAEL D. HANNA,

      Plaintiff,                                                        04cv1294

   v.                                                         **ELECTRONICALLY FILED**

SE HOLDINGS, LLC,

      Defendant.

<u>Order of Court Regarding Motions in Limine</u>

Pending before this Court are several motions in limine.  Plaintiff has filed two motions in limine arguing: (1) that the statements of witnesses others than plaintiff and Richard Zomnir (Zomnir) regarding the terms of the contingent fee contract should be excluded as hearsay evidence (doc. no. 48), and (2) that defendant's reliance on the doctrine of judicial estoppel should be excluded based upon Third Circuit precedent (doc. no. 50).

In opposition to plaintiff's motion in limine that the statements of witnesses should be excluded as hearsay evidence, defendant argues that these statements are being offered to prove the scope of Babst's, Calland's and Clements's (Zomnir's partners) consent to the contingent fee contract and their knowledge of the terms on which they base their consent, and that the evidence should not be excluded pursuant to Fed. R. Evid. 807 ("Residual Exception").  After careful consideration, this Court finds that the statements Zomnir made to other witnesses, who were not present during the conversations between Zomnir and plaintiff, regarding the contingent fee agreement, are not "party admissions" and thus constitute hearsay evidence because they are out of court statements, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted.  Further, this Court does not find that the interests of justice will be best served by admission of these statements into evidence

under the Rule 807. Therefore, plaintiff's first motion in limine (doc. no. 48) is GRANTED.

In opposition to plaintiff's motion in limine to preclude defendant's reliance on judicial estoppel, defendant argues that judicial estoppel should be imposed because plaintiff denied any financial interest or stake in the outcome of the prior proceedings regarding the valuation of Strategic Energy. In *Montrose Med. Group Participating Sav. Plan v. Bulger*, 243 F.3d 773, 779-780 (3d Cir. 2001), the United States Court of Appeals for the Third Circuit set forth a three prong test that must be met before a district court can apply judicial estoppel.

> First, the party to be estopped must have taken two positions that are irreconcilably inconsistent. Second, judicial estoppel is unwarranted unless the party changes his or her position "in bad faith" - i.e. with intent to play fast and loose with the court. Finally, a district court may not employ judicial estoppel unless it is "tailored to address the harm identified" and no lesser sanction would adequately remedy the damage done by the litigant's misconduct.

In *Montrose*, the Court of Appeals set forth a two factor test for determining whether bad faith (the second prong) is established. "[I]ndeed a litigant has not acted in 'bad faith' for judicial estoppel purposes unless two requirements are met. First, he or she must have behaved in a manner that is somehow culpable. . . . Second, a litigant may not be estopped unless he or she has engaged in culpable behavior vis-a-vis the court." *Montrose*, 243 F.3d at 781 (citations omitted). Significantly, the Court held that "it does not constitute bad faith to assert contrary positions in different proceedings when the initial claim was never accepted or adopted by a court or agency." *Id.* at 782.

Because, in the instant case, the arbitrator (Judge Pratt) did not file an opinion in support of his rulings, there is no indication that he ever accepted or adopted the alleged statements made by plaintiff. Further, because there is no transcript of the testimony at the arbitration, there is no

way to independently verify that contrary statements were made by plaintiff. For these reasons, and because the Court is mindful that judicial estoppel is a "draconian sanction, one that should be invoked only with 'reluctance,'" *Klein v. Stahl Gmbh & Co. Mashinefabrik*, 185 F.3d 98, 222 (3d Cir. 1999), plaintiff's motion in limine to preclude defendant's reliance on judicial estoppel (doc. no. 50) will be GRANTED.

Defendant also has filed two motions in limine arguing: (1) that statements by members of SE Holdings, LLC (SEH) regarding the potential value of Strategic Energy Limited made prior to the actual valuation (doc. no. 46), and (2) that the draft complaints by the law firm of Jones Day Reavis & Pogue regarding potential litigation between SEH and Great Plains Energy, Inc. (GPE) should be excluded as irrelevant evidence (doc. no. 47).

In opposition to defendant's motion in limine to exclude statement by members of SEH concerning the potential value of SEL at times prior to the actual valuation, plaintiff argues that this evidence is relevant to his quasi contract claim. This Court agrees that said evidence may be probative of his quasi contractual claim and, therefore, defendant's motion in limine (doc. no. 46) will be DENIED.

Finally, in opposition to defendant's motion in limine to exclude draft complaints of Jones Day Reavis and Pogue regarding litigation between SEH and GPE on the basis of irrelevance, plaintiff argues that the evidence SEH seeks to exclude is probative that SEH believed that a deal had been reached in November, 2003, which was within the deadlines SEH asserts were a part of plaintiff's contingent fee contract. While SEH argues that admission of this evidence will require a trial within a trial regarding the success of the specific performance claim, plaintiff argues that the relevance of this evidence is in the fact that SEH believed that the facts set forth in the draft complaints existed. This Court finds that this evidence may be probative on

whether SEH believed that a deal had been reached within the time frame they allege were a part of Hanna's contingent fee contract. Although this Court is mindful of SEH's argument that the statements in the draft complaint are inaccurate, the Court agrees with plaintiff that these alleged inaccuracies go to the weight of the evidence and because this Court is the finder of fact, the danger of unfair prejudice is not a consideration. Therefore, defendant's motion in limine (doc. no. 47) will be DENIED.

Accordingly, plaintiff's motions in limine (doc. nos. 48 and 50) are GRANTED, and defendant's motions in limine (doc. nos. 46 and 47) are DENIED.

SO ORDERED this 6th day of September, 2005.

s/Arthur J. Schwab
Arthur J. Schwab
United States District Judge

cc:   All counsel of record as listed below

Thomas R. Johnson, Esquire
Jeremy A. Mercer, Esquire
Kirkpatrick & Lockhart
535 Smithfield Street
Henry W. Oliver Building
Pittsburgh, PA 15222-2312

Mark D. Shepard, Esquire
Babst, Calland, Clements & Zomnir
Two Gateway Center, 8th Floor
Pittsburgh, PA 15222

Richard J. Antonelli, Esquire
Spilman, Thomas & Battle
301 Grant Street
3440 One Oxford Centre
Pittsburgh, PA 15219